## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERATION FOR AMERICAN | ) | |
| IMMIGRATION REFORM, | ) | |
| 25 Massachusetts Ave, NW Suite 330 | ) | |
| Washington, DC 20001 | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE | ) | |
| 950 Pennsylvania Ave. NW | ) | |
| Washington D.C., 20530, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action against the U.S. Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff FAIR ("Plaintiff") is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25

Massachusetts Ave, NW, Suite 330, Washington, DC  20001.  Plaintiff seeks to educate the citizenry and increase public awareness of immigration issues and hold the nation's leaders accountable for enforcing the nation's immigration laws.  In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4.    Defendant DOJ is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Ave, NW, Washington DC. DOJ has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.    On January 23, 2015, Plaintiff submitted a FOIA request ("the January 23, 2015 FOIA request"), by email, to the DOJ, specifically to the DOJ's Office of Legal Counsel ("OLC"), seeking access to the following public records:

1)   A list of the names of all Office of Legal Counsel (OLC) staff, contract employees, consultants and volunteers, along with their most recent resumes[1], who worked on and/or assisted with the production of *The Department of Homeland Security's Authority to Prioritize Removal of Certain Aliens Unlawfully Present in the United States and to Defer Removal of Others* ('DHS Opinion'), published November 19, 2014.

2)   All records concerning meetings and/or communications, including emails, about the DHS Opinion, between OLC staff, including Principal Deputy Assistant Attorney General, Karl Remon Thompson, and Deputy Assistant Director of Custody Programs and Community Outreach, Andrew Lorenzen-Strait, White House Domestic Policy Council Director, Cecilia Munoz, Doris Meissner and Marc Rosenblum.

3)   All records concerning, regarding, or relating to the Department of Homeland Security (DHS)'s decision to exercise prosecutorial discretion with respect to individuals who came to the United States as children as outlined in a June 15, 2012 Memorandum by former Secretary Napolitano. Such records include, but are not limited to, opinions, memoranda, or legal advice rendered by OLC.

---

[1] *See, e.g.*, http://www.pulitzer.org/archives/7175 (similar DOJ FOIA from *The Boston Globe*, 2006).

4) All records concerning, regarding, or relating to the *legal authority* for the DHS decision to exercise prosecutorial discretion with respect to individuals who came to the United States as children as outlined in a June 15, 2012 Memorandum by former Secretary Napolitano. Such records include, but are not limited to, opinions, memoranda, or legal advice rendered by OLC.

5) All records concerning, regarding, or relating to OLC's determination that its formal legal opinion on this issue was inappropriate for publication.

6.     Plaintiff received an acknowledgement letter from DOJ's OLC dated February 13, 2015, assigning the January 23, 2015 FOIA request the tracking number FY15-027. In this letter, DOJ's OLC stated that it would "be unable to comply with the statutory deadline" but "your request will be processed as soon as practicable."

7.     Plaintiff received a partial response letter from DOJ dated November 4, 2015, stating that it had searched for "records responsive to parts 3, 4, and 5, of [Plaintiff's January 23, 2015 FOIA] request, as narrowed by agreement with OLC on March 24, 2015." The letter also stated that DOJ had "located one record," which DOJ produced, "with material redacted pursuant to FOIA. DOJ informed Plaintiff that it would "supplement this response when we have completed our search for records responsive to parts 1 and 2 of your request." DOJ also informed Plaintiff that it had "the right to an administrative appeal."

8.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DOJ was required to determine whether to comply with each part of Plaintiff's FOIA request within twenty (20) working days after receipt of each request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.  Accordingly, DOJ's determination of each component of the January 23, 2015 FOIA request was due by March 16, 2015 at the latest.

9.     On August 26, 2015, Plaintiff submitted another FOIA request ("the August 26, 2015 FOIA request"), by email, to the DOJ, specifically to the DOJ's Office of Legal Counsel ("OLC"), seeking access to the following public records:

1. Any and all records of correspondence including, but not limited to, emails between the Office of Legal Counsel and the following individuals: Shoba Sivaprasad Wadhia (Penn State Law professor); Stephen Legomsky (Washington University School of Law professor); Hiroshi Motomura (University of California, Los Angeles, School of Law professor); and Jill Family (Widener University School of Law professor).

2. Any and all records of FOIA office processing notes and communications including, but not limited to, emails mentioning FAIR's FOIA request (2015-027) submitted January 23, 2015.

10.     Plaintiff received an acknowledgement letter from DOJ's OLC dated September 24, 2015, assigning the August 26, 2015 FOIA request the tracking number FY15-102. In this letter, DOJ's OLC stated that it would "be unable to comply with the statutory deadline" but "your request will be processed as soon as practicable."

11.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DOJ was required to determine whether to comply with Plaintiff's FOIA request within twenty (20) working days after receipt of each request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.  Accordingly, DOJ's determination of the August 26, 2015 FOIA request was due by October 23, 2015 at the latest.

12.     As of the date of this Complaint, DOJ has failed to: (i) determine whether to comply with parts 1 and 2 of Plaintiff's January 23, 2015 FOIA request; (ii) notify Plaintiff of any such determination or the reasons for such determination; (iii) advise Plaintiff of the right to appeal any adverse determination, as regards parts 1 and 2; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

13.     As of the date of this Complaint, DOJ has failed to: (i) determine whether to comply with Plaintiff's August 26, 2015 FOIA request; (ii) notify Plaintiff of any such determination or the reasons for such determination; (iii) advise Plaintiff of the right to appeal

any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

14.     Because DOJ has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to both parts 1 and 2 of the January 23, 2015 FOIA request and the entire August 26, 2015 FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to both requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
(Violation of FOIA, 5 U.S.C. § 552)

15.     Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16.     Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

17.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's January 23, 2015 FOIA request and August 26, 2015 FOIA request, and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  March 30, 2016                    Respectfully submitted,

/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Immigration Reform Law Institute
25 Massachusetts Ave. NW, Suite 335
Washington DC, 20001
Telephone: 202-232-5590
FAX (202) 464-3590
Email: jaxelrod@irli.org